Ms. Ambrosio. Good morning, Your Honors. May it please the Court. I'm here to represent Mr. Hathaway, who, as the Court knows having read our brief, did not make an argument against restitution in terms of the claims that we've submitted today. I'm arguing that plain-error review is necessary here based on the fact that restitution order to the probation officer in writing in March of 2017, and the sole objection was wrong in that the Defense Counsel objected to the inclusion of reimbursement for counseling fees. That was wrong on its face. That objection was because counseling fees are clearly authorized by 3663 AB 2. I would suggest that in the context of this, the counsel's incorrect objection, and also to the fact that Mr. Hathaway didn't make any statements himself beyond, Your Honor, my counsel's made objections to sentencing, also in light of the fact the trial judge summarily accepted the probation officer's calculation of restitution. Well, the judge is entitled to do that if there are no objections, and objections were invited in writing. They were lodged and did not include the ones you're making now, and the Court did what we have encouraged courts to do at sentencing, which is to button down that issue in the hearing, which the Court did here by giving an opportunity to expand on the written objections, and that was expressly waived. So why shouldn't this be construed as a waiver? Judge Sykes, I would suggest that there is no strategic... There's a really good strategic reason. We're talking about $3,000 total, and for a defendant in your client's position who comes before the Court as a really bad actor to quibble over a $3,000 bill for the victim's care in the three months after she escaped his custody, where he repeatedly sexually assaulted her, is a really good strategic reason to give up these arguments, and that he should have given up the other argument as well does not give you a basis to get around waiver. And you made a point. I mean, all of this was contained in one of the PSR. I've read the transcript of this. This judge was, I thought, really careful going through this, so he did. He argued about the counseling fees, saying he and his family should get counseling. So, I mean, if we adopted your position, wouldn't a district judge have to go in every single sentencing, line by line, through every single thing in the PSR and say, okay, are you objecting to this? I don't see any way around that if we say that this can be reviewed. Your Honor, in reviewing the record, I just looked at the context of these objections, and I did see an error, according to the law here in the Seventh Circuit, in that the objection on its face that was made by counsel on its face was incorrect. That suggests to me that there was a forfeiture rather than a waiver in that there was a negligent failure to assert a right that Mr. Hathaway granted. He was convicted of some horrible things, but he failed to negligently assert a right. Now, counsel, are you saying that in every case it is negligent for the defense lawyer not to demand proof of every fact asserted in the PSR? That would certainly be a dramatic change from our precedent, but it sounds like what you're arguing. It just happens all the time that the lawyer says, you know, here's something in the PSR. We don't demand that it be proved, and the judge says, fine, I'm taking that as a given. What I'm saying, Your Honor . . . All that happened here, there was something that might have been proved was not, in fact, proved because nobody wanted it proved. Your Honor, what I'm suggesting is that as defense attorneys and government attorneys, we have a responsibility at the district court level to at least read the rules, and the record suggests here that counsel for Mr. Hathaway did not read the Victim and Restitution Act, and even though it is only $3,000 and the criminal conduct is extraordinary and a jury convicted Mr. Hathaway of that, the Restitution Act, or excuse me, the NBRA, is part and parcel of the judgment and commitment order, and the attorney's written objection that asked for there to be no reimbursement required for counseling suggests that the NBRA was not reviewed by counsel. But you can make the opposite argument. The fact that he did, that he objected to one part of this paragraph, indicates that, yes, he looked at all three elements of it, the two transportation points, which add up to the $3,000, and then the counseling, and decided to argue about the counseling. I didn't see that in the record, Your Honor. We did get to the point where there was error in terms of, I would like to briefly address the travel cost. In focusing on how the travel cost to California would not qualify under the NBRA, the testimony of the victim at trial was that, I was angry at my father. This is around page 605 to 606. I don't think you'd win that on clear air. I just don't think we should get to that. It seemed to me that what the district judge, I think it was the district judge, found was that there was good reason to try to get her away, because this guy still wasn't under arrest. I mean, he would go back to South Carolina again. Your Honor, I'm sorry. The district judge did not make those statements at sentencing, but he just accepted what the probation officer submitted. Okay. Right, so your burden is plain error, and there is not an error so obvious that the district court was duty-bound to recognize it himself and correct it, nor was this the sort of error that is so substantial and it brings scandal to the district court's proceedings. In our brief, we argued, Your Honor, as you know, that there was no need to travel to California. This was a request by a teenager. The father testified not, he did not testify... Right, that's a merits argument that if it had been raised, it might have been duly considered and either accepted or rejected, but we're here on plain error review, and there is no... Obvious error that the district court would have been duty-bound to recognize it himself and correct it. That's the shorthand way of stating what it means to have a plain error. And then we also have the second question about whether we should exercise our discretion to contest it or to correct it, I should say, by ordering a remand and a do over, and there is nothing here that would warrant that. Respectfully, we disagree, Your Honor. What's the answer? I believe that the testimony at trial indicates that, as I said, that this was a family decision that had nothing to do, was not proximately caused by the defendant's conduct, that there was a difficult relationship between the father and the daughter that started well before the conduct of the defendant. This is from the record, and that... That's the sort of factual deficiency that you would expect there to be some argument about. Unless it's some glaring legal error or glaring factual deficiency, there's arguments to be made on both sides about the recoverability of these items of restitution, and because there's arguments on both sides, you feel plain error review. Before we even get to the question about whether it implicates substantial rights. Okay, Your Honor. Well, are you asking me to answer whether his rights were substantially impacted? Right. I would say that, but for the error, a different result would have occurred. That's not good enough for affecting substantial rights. We have the discretion to correct a plain error. You have to make a higher or satisfy a higher burden. This has to bring disrepute to the proceedings. Requiring him to pay $3,000 in restitution for this kind of crime hardly brings disrepute to these proceedings. And a different... In the context of who he is, somebody who was not at a very high level in the Navy for 21 years, making under $60,000 with four children, and also considering that he was the sole support for his family. The $300 that the father used as his estimate for what it cost him to go to Illinois to retrieve his daughter's belongings versus the $3,100, it would be significant to a family such as this. Thank you, Your Honors. May I add a point? Yes. Of course. If on relinquishment of a right. What would you say there had to be here if you're saying there wasn't? You are saying that the district judge then would have to go line by line through every single... Well, I don't mean to suggest that, Judge. Well, tell me what you think could have been in this case. My concern was with the on defendant objection. So I was thinking about Brody, for instance, where the defendant... It was found the defendant forfeited the argument as to one suppression of evidence on a different date. Counsel had made a suppression argument regarding evidence that was obtained on a previous or later date, but Rule 12 came into play and so the defendant was not able to unappeal even though it was found that he had forfeited the argument. He had put forward an argument about a suppression but to different evidence on a different day. He was not allowed to successfully or wasn't able to successfully argue the suppression of the other. So I'm saying that the way this happened, just a quick letter apparently in March of 2017 from counsel stating we object to the inclusion of $1,089, suggests that perhaps the defendant, even though it is a lower amount in the context of the crime, the defendant wasn't properly advised. I don't mean to suggest ineffective assistance of counsel on direct appeal. At the sentencing hearing, you were correct about what you said earlier in terms of my thinking as a district judge that specifically said that, but some place else in the record is not there. But he did go through these and ask if there was anything else, right? Before the sentencing started, he asked Mr. Hathaway, that's true, Your Honor, whether or not he presented his objections to the court. He said everything's been stated through counsel. Yes. Okay. Thank you, Your Honors. Thank you, counsel. Mr. Baum. Good morning. May it please the court. Jason Baum on behalf of the United States. Given the panel's questions, I think the best use of my time would be to answer any questions that the panel has of me or of the government in this case. Seeing none, we will rely on our brief. Thank you very much. Ms. Ambrosio, we appreciate your willingness to accept the appointment in this case. The case is now taken under advisement and the court will be in recess.